**Scott D. Pollock**
**spollock@lawfirm1.com**
**Scott D. Pollock & Associates, P.C.**
**105 W. Madison St., Suite 2200**
**Chicago, IL 60602**
**(312) 444-1940**
**(312) 444-1950 (fax)**
**Attorney for the Plaintiffs**

**Sabrina Damast (CA Bar No. 305710)**
**sabrinadamast@gmail.com**
**Law Office of Sabrina Damast**
**510 W. 6th St., Suite 330**
**Los Angeles, CA 90014**
**(323) 475-8716**
**Attorney for the Plaintiffs**

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE CHICAGO SCHOOL-CALIFORNIA, INC. & Martine SOERNSKOG**<br><br>         vs.<br><br>**Kirstjen NIELSEN, Secretary, Department of Homeland Security; L. Francis CISSNA, Director, U.S. Citizenship and Immigration Services (USCIS); Kathy BARAN, Director, USCIS California Service Center**<br>         **Defendants.** | **Civ. No. 18-5999**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

### Nature of the Action

This action complains that the defendants ignored evidence and failed to follow agency regulations and settled evidentiary burdens when they denied the H-1B visa petition filed by The Chicago School – California on behalf of Martine Soernskog. The Defendants' actions prevent The Chicago School from employing Ms. Soernskog in a full-time, professional position as an Alumni Relations and Advancement Associate. They are thereby disrupting The Chicago School's operations and impeding it from accomplishing its important mission of preparing competent mental health professionals and cultivating ongoing relationships to support that goal.

The Plaintiffs are without an adequate remedy at law, and the Defendants' conduct has caused and will continue to cause damage and irreparable harm absent declaratory and injunctive relief.

### Jurisdiction and Venue.

1. The Court has subject matter jurisdiction in this action pursuant to the following statutory provisions: 28 U.S.C. §§ 1331 (federal question jurisdiction), 1346(a)(2) (United States as a defendant), and 2201 (declaratory judgments).

2. This action arises under various federal statutes and regulations, including the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (judicial

review to declare agency actions unlawful and order relief), the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(15)(h) and 1184(i), and  U.S. Citizenship and Immigration Services regulation, 8 C.F.R. § 214.2(h).  3.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e). The defendants are officers or employees of the United States or agencies of the United States acting in their official capacity and the Plaintiffs are both resident in Los Angeles County, California.

## The Parties

4. Plaintiff The Chicago School California, Inc. dba The Chicago School of Professional Psychology, is a U.S. institution of higher education.  It offers degree programs in psychology and the behavioral sciences.  It is a specialized institution offering programs primarily to graduate students and only in the specific fields described above.

5. Plaintiff Martine Soernskog is a citizen of Norway whom The Chicago School sought to employ as its full-time Alumni Relations and Advancement Associate.

6. Defendant Kirstjen Nielsen is sued in her official capacity as the Secretary of the Department of Homeland Security.  The Secretary of Homeland Security is responsible for the administration and enforcement of laws related to the immigration of foreign nationals.  *See* 8 U.S.C. § 1103(a)(1).

7. Defendant L. Francis Cissna is sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services (USCIS).  He is responsible for the administration of USCIS, the agency under the Department of Homeland Security that adjudicates applications and petitions for U.S. immigration benefits.

8. Defendant Kathy Baran is sued in her official capacity as the USCIS's Director of the California Service Center (CSC), located in Laguna Niguel, California.  She is responsible for the administration of the CSC, the USCIS service center that adjudicates petitions for H-1B classification, including the one denied by the Defendants in this case.

**Statutory scheme to accord lawful nonimmigrant visa status to certain temporary workers**

9. The Immigration and Nationality Act (the "Act") provides for admission to the United States for:  " an alien coming temporarily to the United States to perform services . . . in a specialty occupation. . . ."  8 U.S.C. § 1101(h)(i)(b).

10. It in turn describes a specialty occupation as one "that requires (A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the

4

specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States."  8 U.S.C. § 1184(i)(1).

11. USCIS's regulations governing H-1B nonimmigrants further explain that "to qualify as a specialty occupation, the position must meet one of the following criteria: (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position; (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree; (3) the employer normally requires a degree or its equivalent for the position; or (4) the nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with  the attainment of a baccalaureate or higher degree."  8 C.F.R. § 214.2(h)

**Statement of the Facts.**

12. Martine Soernskog arrived in the United States in F-1 (International Student) status to study at The Chicago School after receiving a bachelor's degree in Work and Organizational Psychology from the Norwegian University of Bergen in 2015.  She successfully completed a master's degree in Industrial and Organization Psychology at the Chicago School in spring 2017 and

received optional practical training (OPT) authorizing her to work for one year for The Chicago School while still in F-1 status.

13. From May 2017 to May 2018, Ms. Soernskog worked for The Chicago School's Office of Institutional Advancement pursuant to OPT where she launched the Alumni Mentors Program, an initiative designed to engage The Chicago School's alumni with the school community by pairing them with a student-mentee. She also wrote the school's alumni newsletter, maintained a database of alumni contact and career information, and managed the application and distribution of student scholarships. Ms. Soernskog is currently pursuing a doctorate at The Chicago School.

14. The Chicago School is a not-for-profit accredited institution of higher education. It enrolls over 4000 students at campuses in Los Angeles, California; Irvine, California; San Diego, California; Chicago, Illinois; Washington, D.C.; Dallas, Texas; and New Orleans, Louisiana. It also offers online degree programs. The Chicago School offers over 20 degree programs, all in psychology or related behavioral health fields and most at the graduate level. Its graduates work around the world in hospitals, schools, community centers, NGOs, and private practice. The school emphasizes clinical training and places great importance on being engaged with practitioners in the community who can provide its students with real-

6

world experience.  Its Alumni Relations and Development Associate is

critical to maintaining these relationships.

15. In the spring of 2018, with Ms. Soernskog's OPT set to expire, The Chicago

School sought to extend her employment authorization by offering her the

position of Alumni Relations and Advancement Associate and filing a

petition to classify her as an H-1B nonimmigrant, which if approved would

have given her the ability to continue working for The Chicago School for

another three to six years.

16. The Chicago School filed an H-1B petition on behalf of Ms. Soernskog on

April 13, 2018.  With that petition it explained that the purpose of the

Alumni Relations and Advancement Associate is to enhance The Chicago

School's relationships with its alumni in order to increase alumni giving.  As

such the person in this position must regularly interact with and form strong

relationships with The Chicago School's alumni, almost all of whom hold

graduate degrees in psychology or a related field.

17. The Chicago School's Vice President of Human Resources explained in a

detailed letter that, due to the specialized nature of the education The

Chicago School provides, the position of Alumni Relations and

Advancement Associate requires at least a bachelor's degree in psychology

or a related field.  He further explained that this is necessary so that the

7

Alumni Relations and Advancement Associate can effectively interact with Alumni about their career paths and development and identify the campus activities, like the Alumni Mentors Program, that would be most likely to engage them in the school community.

18. On April 23, 2018, USCIS issued a Request for Evidence (RFE) on the petition seeking additional documentation that the position required a bachelor's degree in a specific field, and The Chicago School timely responded.

19. The Chicago School's response included an additional letter from its Vice President of Human Resources. This letter further described why the position requires a degree in psychology or a related field. Specifically it explained that the Alumni Relations and Advancement Associate position is unique within the school's Office of Institutional Advancement and different from a typical fundraiser position in that it requires more personal engagement with alumni as opposed to direct solicitation of funds from them, therefore requiring a stronger knowledge of the same field that most of the school's students study. It also explained that the position is different from similar positions at other schools in that The Chicago School's specialized curriculum and mission requires an Alumni Relations and Advancement Associate with a degree in the field. It broke down the job

duties and asserted that traditional fundraising comprised only 20% of Ms. Soernskog's responsibilities.

20. In addition to this letter, The Chicago School's response included documentation that Ms. Soernskog's predecessor had a graduate degree with a concentration in psychology, noted that the position was relatively new, and stated that it always required a degree in psychology or a related field for the Alumni Relations and Advancement position.

21. On May 11, 2018, USCIS denied The Chicago School's petition on the ground that its position for Ms. Soernskog did not require at least a bachelor's degree in a specific field.

22. USCIS determined the proffered position was that of a "fundraiser" and that fundraiser positions do not normally require a bachelor's degree in a specific field.

23. USCIS then stated that there was not sufficient evidence "to establish that the proffered position is more unique or complex than other similar positions within the same industry" and that "it appears that the beneficiary will perform the normal duties of a fundraiser *without any additional specialization or complexity* that is usually associated with the attainment of a bachelor's degree or higher or its equivalent in a specific specialty." (emphasis added). USCIS's decision does not discuss the specialized nature

9

of The Chicago School's curriculum and degree programs or the differences

that The Chicago School noted between the proffered position and

traditional fundraising positions.

24. USCIS also concluded that the fact that the only people to have held the

proffered position both had graduate degrees in a psychological field was not

sufficient to show that The Chicago School normally requires at least a

bachelor's degree in a specific specialty for the position.

### Cause of action.

<u>Administrative Procedure Act.</u>

25. This count is brought against Defendants Nielsen, Cissna, and Baran in their

official capacities as those who are responsible for adjudicating The Chicago

School's petition to classify Ms. Soernskog as an H-1B nonimmigrant.

26. The Chicago School filed a well-documented application to classify Ms.

Soernskog as a worker in a specialty occupation.  In denying the application,

the Defendants failed to consider substantial and material evidence that

established her statutory eligibility for H-1B status.  The agency also

misinterpreted the eligibility requirements of the Immigration and

Nationality Act and its implementing regulations.  Finally the agency failed

to apply the appropriate preponderance of the evidence standard to The

Chicago School's petition.

27. The denial of The Chicago School's petition was arbitrary and capricious, not supported by substantial evidence, and should be reversed as a violation of the Administrative Procedures Act.  5 U.S.C. § 706.

<u>Prayer for relief</u>

WHEREFORE, plaintiffs The Chicago School and Ms. Soernskog pray that the Court:

1.  Declare the Defendants' actions to be unlawful and in violation of the Administrative Procedure Act and the Immigration and Nationality Act.

2.  Order the Defendants to take such corrective action as may be appropriate, including but not limited to approving The Chicago School's H-1B petition for Ms. Soernskog.

3.  Grant such further relief, including injunctive relief, attorney fees and costs of this action, as may be just, lawful, and equitable.


Respectfully submitted,

<u>S/Scott D. Pollock</u>
Scott D. Pollock
Attorney for the Plaintiffs

11

Scott D. Pollock
Christina J. Murdoch
Scott D. Pollock & Associates, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602
Telephone: (312) 444-1940
Fax: (312) 444-1950
spollock@lawfirm1.com

Sabrina Damast
Law Office of Sabrina Damast
510 W. 6th St., Suite 330
Los Angeles, CA 90014
(323) 475-8716
Attorney for the Plaintiffs
sabrinadamast@gmail.com